IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AUNDEL BENOIT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19-CV-1083-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

Aundel Benoit ("Benoit"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 22, 2019.[1]  Doc. # 2.  Benoit challenges the validity of his convictions and sentence imposed by the United States District Court of the Virgin Islands, Division of St. Thomas and St. John ("District Court of the Virgin Islands") for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on a vessel subject to United States jurisdiction (Count 1) and aiding and abetting possession with intent to distribute five kilograms or more of cocaine while on a vessel subject to United States jurisdiction (Count 2).[2]  Benoit claims he is "being held for 'offenses against laws of the United States' . . .

---

[1] Benoit's petition was date-stamped received by this court on December 27, 2019. Benoit represents that he submitted the petition on December 22, 2019.  Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on December 22, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Benoit was convicted in February 2012 following a jury trial.  *United States v. Benoit*, Case. No. 3:10cr39-CVG-RM.  In August 2012, the district court sentenced Benoit to 240 months'

notwithstanding the fact that petitioner[ ] [was] either charged with offenses allegedly injuring . . . private business partners . . ., or No one."[3]  Doc. # 2 at 2.  For the reasons that follow, the undersigned concludes this case should be dismissed for lack of jurisdiction.

## II.   DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition

imprisonment.  *Id.*  Benoit appealed to the Third Circuit, and in September 2013, that court affirmed his convictions and sentence. *United States v. Benoit*, 730 F.3d 280 (3d Cir. 2013).  In April 2015, Benoit filed a 28 U.S.C. § 2255 motion in the district court.  *United States v. Benoit*, Civil Action No. 3:15cv036-CVG-RM.  The district court denied the § 2255 motion in September 2018, finding Benoit's claims to lack merit.  *See United States v. Benoit*, 2018 WL 4680175 (D.V.I. 2018).

[3] In a previous civil action filed with this court, Benoit argued that "[t]he United States failed to allege or prove any 'injury' to the United States, by way of Petitioner BENOIT'S alleged conduct. As such, the court failed to satisfy its Mandatory Jurisdictional check[ ] under Article III" and, therefore, had no authority over his criminal cases.  *Benoit v. United States*, 2:19-CV-560-WKW-CSC (M.D. Ala. 2019), Doc. 1 at 2.

challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Benoit's self-described habeas petition challenges the validity of his federal convictions and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc*., 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at \*1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

3

Benoit's claims challenging his convictions and sentence fall squarely within the realm of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Benoit has placed on his pleadings, his petition challenging his convictions and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[4]

Section 2255 remains Benoit's exclusive remedy to bring his challenge to his convictions and sentence. Because he challenges a judgment entered in the District Court of the Virgin Islands, jurisdiction to consider a § 2255 motion would lie only with that court. *See* 28 U.S.C. § 2255(a). This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging convictions entered by the District Court of the Virgin Islands.

---

[4] In an order entered on January 7, 2020 (Doc. # 3), this court informed Benoit that the claims in his self-styled § 2241 habeas petition were properly presented in a 28 U.S.C. § 2255 motion, in the court of conviction. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), this court notified Benoit of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "Castro Order" also advised Benoit that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Benoit has failed to file a response complying with the Castro Order's directives.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.  However, a § 1631 transfer to the District Court of the Virgin Islands would be futile in this case because AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals *"[b]efore* [such motion] is filed in the district court."  28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. § 2255(h).  The Eleventh Circuit has observed that this language in § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review.  *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive 28 U.S.C. § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals *'[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court'").  In April 2015, Benoit filed a § 2255 motion in the District Court of the Virgin Islands (the court of conviction) challenging the convictions and sentence he challenges in the instant proceeding.  *United States v. Benoit*, Civil Action No. 3:15cv036-CVG-RM.  That court denied Benoit's § 2255 motion on the merits in September 2018.  *See United States v. Benoit*, 2018 WL 4680175 (D.V.I. 2018).  Benoit presents no evidence that, before filing the instant action in this court, he obtained permission from the Third Circuit to file a successive § 2255 motion attacking his convictions and sentence.

This court lacks jurisdiction to consider Benoit's successive § 2255 motion, and a transfer to the court of conviction, the District Court of the Virgin Islands, would be futile

where Benoit has not obtained permission to file a successive § 2255 motion. Under the circumstances, this court finds that the interest of justice does not warrant a § 1631 transfer to the District Court of the Virgin Islands and that dismissal of this action is proper.

Furthermore, as the Magistrate Judge for the District Court of the Virgin Islands noted in the Recommendation to deny Benoit's § 2255 motion filed in that court, the deadline for Benoit to file a § 2255 motion was October 6, 2015. *United States v. Benoit*, 2018 WL 5668506, at *2 n.6 (D.V.I.), report and recommendation adopted, 2018 WL 4680175 (D.V.I. 2018).  Thus, even "[i]f applicable, a transfer under § 1631 would not benefit" Benoit, "because his application, in addition to being second or successive, was indisputably time-barred." *See Guenther*, 173 F.3d at 1331 (affirming the district court's dismissal and denial of a transfer under § 1631 because the limitations period for one petitioner had expired before his second filing).  For this reason, too, the court finds the interest of justice does not warrant a § 1631 transfer to the District Court of the Virgin Islands.

### III.   CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that Benoit's petition, construed as a § 2255 motion, be DISMISSED, because this court is without jurisdiction to consider his challenge to his conviction entered by the District Court of the Virgin Islands and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 12, 2020.  A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 29th day of January, 2020.


   /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE